By the Court.—O’Gorman, J.
A careful examination of this case has failed to disclose any material error in the trial, rendering a new trial necessary or proper. The case on the facts, was fully and fairly submitted to the jury by *308 the learned trial judge, and their verdict should not be disturbed.
On the appeal, counsel for the appellants argued that the court erred in ref using ■ to dismiss the complaint, upon the ground that the plairftiff had not raised the presumption of possession in herself, by showing title. The case does not contain a motion to dismiss, as made upon this ground. The ground was “ that- the plaintiff had not proved that she had been in possession of the premises witin twenty years.” It was not necessary for the plaintiff, if she showed title in herself, to prove that she had been in possession within twenty years, for it would be presumed that she had been in possession, either actually or by others for her. It was not objected that she did not show title, and must, for that reason, show possession. Indeed, the' whole case discloses that it was assumed that she had had title and still had title, if the defense were not valid. But the plaintiff did give sufficient testimony to prove that she had title. She proved that her father died in 1846, and that he, two or three years before'his death, built the house on the land in question for one of her brothers, who had the rent of it as she testified. This would show a possession which is presumptive evidence of title in fee.
The title descended to her and her co-heirs in common, unless the will of her father devised the land. A deed in partition was proven of the date of July 13, 1848, between parties among them, the plaintiff, designated as Susan Sturges wife of Thomas T. Sturges, and describing them as being the children and devisees named in the last will and testament of John Morss, the elder, late of the City of New York, deceased, and the only children and heirs at law of Isabella, formerly the wife of the said John Morss, also deceased. This deed conveyed to the plaintiff the premises in question, and to the other grantees the several pieces of property described as allotted to them respectively. As, irrespective of this conveyance, it was proved that the fee was in John Morss, the father, it is not a relevant objection, that so far as the face of the deed is concerned, *309 the title of these premises may have been claimed through the mother, and there was no proof that she had ever been in possession. The facts that have been referred to were not questioned upon the trial, and there was no request that the judge should pass upon their existence.
No proof was given of the contents of the will of the plaintiff’s father. It will not be presumed that it disinherited the plaintiff or made her estate in the premises less than an one sixth undivided interest in the fee. The married woman’s act went into effect April 27, 1848. The deed by which she acquired the other five-sixths interest, was dated July 12, 1848. As this was a partition deed, it must be intended to refer to interests existing before the passing of the married woman’s act, and its effect should not be to divest the husband in the freehold interest in his wife’s land, which v?as vested in him before the act, and was not annulled by it. It will have been noticed, that the plaintiff’s husband did not join in the partition deed. The reason for this is not explained by the testimony. The testimony conclusively shows, that the claim by defendant, of possession, adverse to the plaintiff, was upon and through the verbal gift of the plaintiff’s husband. She said she supposed that there had been a deed to her, and she claimed no more than if the verbal gift had been a competent conveyance, or if the deed had been executed. There was a failure to prove the estate or interest in the land that was described by the gift, or in the supposed deed. Her claim in this subject is equivocal; and to establish an adverse possession, the claim must be unequivocal (Burhans v. Van Zandt, 7 N. Y. 527). Until the death of plaintiff’s husband in 1870, there was no claim of title or right, except under the gift or supposed deed. The quo animo with which she first entered, is supposed to continue until something more is shown (Jackson v. Thomas, 16 Johns. 300). The husband did have some interest, and, until there is an unequivocal claim to the contrary, law presumes that the claim is in accordance with the interest actually existing (Northrop v. Wright, 24 *310 Wend. 221). The first inference from the testimony, is that her claim was to succeed to the husband’s actual interest, and that she took possession under him. The plaintiff could not have rightfully ejbcted her by action, until -the termination of the husband’s freehold interest, at his death in 1870, and possession adverse to her did not begin until that time.
What has been said, assumes that the defendant maintained an unbroken occupation from 1846. But there was evidence that for several years before 1857, the defendant was not in occupation, but that the plaintiff’s husband was collecting rents. The evidence on this point was so strong, that a jury would not have a right to disregard it. The force of this was opposed by the defendants testifying, that the husband of the plaintiff collected rent, because she, the defendant, had let the house to him. Her testimony on this subject was not of equal weight to the testimony that clearly showed that the husband was acting in his own right, and not under a letting from her.
Therefore, irrespective of the verdict of the jury, I am of opinion that the defendant did not show adverse possession sufficient to bar the plaintiff. The verdict of the jury is conclusive, and there were no errors of law in the proceedings of the trial.
It was argued that the judge erred, in not allowing the defendant to show what she said about her title to the house or her right to occupy it, to a person who was called as a witness to prove what she said. I think the judge recognized the true rule. The witness hired from the defendant, part of the house in question, and occupied that part, while the defendant and her husband were occupying the rest of it. The question was, “during that period, did you hear her speak of that house as to her ownership or title, or in any manner?” The judge in substance, held that a mere naked declaration of defendant, which in its nature and apart from other circumstances, could not be used to show constructively, notice to the plaintiff, of the claim the defendant made, was not evidence. The counsel *311 did not propose to prove anything excepting that the declations were made. Mere possession is not a basis of adverse possession, but it must be accompanied with a hostile claim. The possession and the claim must both be open, public and notorious. An open possession and a whispered claim are not enough, or any claim which appears to be likely not to reach the ears of the true owner. But the counsel put himself solely upon the right to declarations under any circumstances whatever, not offering to show other characterizing facts. In other .parts of the case, the defendant was allowed to give evidence of claims that she made by her own declaration, under proper conditions.
The judgment appealed from is affirmed, with costs, and the order appealed from is affirmed, with ten dollars costs.
Sedgwick, Ch. J., concurred.